USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
:
THE WENTWORTH GROUP, INC., FS :
PROJECT MANAGEMENT, LLC and : 20-cv-06711 (GBD/JLC)
FIRSTSERVICE RESIDENTIAL NEW YORK, : ECF Case
INC., :
:
                     Plaintiffs, : **[PROPOSED]**
: **STIPULATED**
     - against - : **CONFIDENTIALITY**
: **AGREEMENT AND**
: **PROTECTIVE ORDER**
EVANSTON INSURANCE COMPANY, :
:
                     Defendant. :
:
-------------------------------------------------------------------- X

        WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

        WHEREAS, the Parties, through counsel, agree to the following terms; and

        WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order,

        IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery or acting as witnesses in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

        1.      With respect to information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material") that a person has designated

AFDOCS/23551898.1

as "Confidential" or "Restricted Confidential – Outside Counsel Only" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits. Discovery Material designated hereunder as Confidential or Restricted Confidential - Outside Counsel Only shall be referenced hereinafter as "Designated Discovery Material."

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate it as Confidential material if the Producing Party in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26. Discovery Material that may be designated as Confidential includes, but is not limited to:

    (a) previously non-disclosed business and financial information (including without limitation profitability reports or estimates, underwriting terms, commissions, insurance premiums and reserves, rating information, reinsurance information, overhead and the like);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, litigation manuals, insurance manuals, billing guidelines, budgets, financial information, or marketing plans; or

    (d) any information of a personal or intimate nature regarding any individual.

    (e) any other information given confidential status by the court.

3. The Producing Party may designate as Restricted Confidential – Outside Counsel Only material if it in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26 and the material is of a highly proprietary or technical nature or constitutes competitively sensitive

2
AFDOCS/23551898.1

information that could potentially be used by the requesting Party or another Party to this action for commercial use or otherwise to harm the competitive position of the disclosing Party.

4.  A Producing Party or its counsel may designate Discovery Material other than deposition transcripts or exhibits as "Confidential" or "Restricted Confidential – Outside Counsel Only" by stamping or otherwise clearly marking it as "Confidential" or "Restricted Confidential – Outside Counsel Only" in a manner that will not interfere with legibility or audibility.

5.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Restricted Confidential – Outside Counsel Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Restricted Confidential – Outside Counsel Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it appropriately; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific portions of the transcript that are to be designated "Confidential" or "Restricted Confidential – Outside Counsel Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. After the 30 day period, all parties will treat the entire deposition transcript as if it had been designated Restricted Confidential – Outside Counsel Only.

6.  If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Restricted Confidential – Outside Counsel Only some Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this

AFDOCS/23551898.1

Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material in accordance with the Producing Party's designation.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers, court reporters and document-management consultants) that counsel hire to perform technical services in this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, if any, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Restricted Confidential – Outside Counsel Only, other persons subject to this Order may disclose such information only to the following persons:

(a) attorneys and law firms of record, and their secretaries, paralegals, assistants and others engaged by counsel in the litigation of this action who have agreed to be bound by and to comply with this Order;

(b) outside vendors or service providers (such as copy-service providers, court reporters and document-management consultants) that counsel hire to perform technical services in matter;

(c) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel, if any, in connection with this action on a need-to-know basis, provided such person is not employed by any Party or any competitor of a Party and has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) this Court, including the Court's staff, and finders of fact before whom the action is to be tried;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(g) any certified shorthand reporters or stenographers retained to create a formal record of any proceeding and/or deposition in the action.

(h) If a receiving Party wishes to disclose information designated Restricted Confidential – Outside Counsel Only to witnesses, potential witnesses, or any other person not otherwise authorized to receive such Restricted Confidential – Outside Counsel Only information hereunder, then the relevant Parties shall attempt to agree, in good faith, to a disclosure procedure. If the Parties cannot agree, then the receiving Party may apply to the Court, by motion or otherwise, seeking an order to allow the disclosure to witnesses or potential witnesses.

10. Before disclosing any Designated Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), or 9(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request, such requests being permissible either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case.

11. A party shall not be obliged to challenge the propriety of any designation under this order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of

the information, after giving notice to the party who designated the information, the objecting party may apply to the Court for a ruling that the information shall not be so designated. The information will retain its designation until such time, if any, as the Court rules that such information should not be treated according to the Producing Party's designation.

12. At any hearing in or the trial of this action, a Party may use Designated Discovery Material, provided that adequate prior notice of such use is given to counsel for the Producing Party to permit that Party the opportunity to seek appropriate protection from the Court, including a request to the Court that the courtroom be closed to the public and that court employees be advised as to the terms of this Order.

13. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order shall be deemed a waiver of any right any Party might otherwise have under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. If a Party inadvertently discloses any information protected by the attorney-client privilege or work product doctrine and informs the receiving Party thereof in writing about the inadvertent disclosure, the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the Producing Party. The receiving Party may challenge the Producing Party's claim that the information is legally privileged and/or

7

confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. Inadvertent disclosure promptly cured after it is discovered shall not be considered a waiver of the attorney-client privilege or work product doctrine.

15. Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Designated Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. The Parties agree to remedy any such unauthorized or inadvertent disclosure by retaking possession of improperly disclosed materials and any copies thereof as soon as reasonably possible after discovering an unauthorized or inadvertent disclosure.

17. Within 60 days of the final disposition of this action — including all appeals — all recipients of Designated Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Designated Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically

retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Discovery Material. Any such archival copies that contain or constitute Designated Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Designated Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Any Party filing Designated Discovery Materials with the Court must follow the Court's instructions at www.nysd.uscourts.gov/programs/records/sealed, and the Individual Rules of Practice for filing documents under seal of Judge George B. Daniels (Paragraph I.D.) or Magistrate Judge James L. Cott (Paragraph II. G.) as applicable under the circumstances.

SO STIPULATED AND AGREED

ARENT FOX, LLP

By: _____
Bernice K. Leber
Elliot M. Kroll
Stefan Bogdanovich (Admitted Pro Hac)
1301 Broadway
New York, New York 10019
Tel.: 212-484-3900
Fax: 212-484-3990
leber.bernice@arentfox.com

*Attorneys for Plaintiffs The Wentworth Group, Inc, FS Project Management LLC And FirstService Residential NY, Inc..*

KENNEDYS CMK LLP

By: _____
Michael J. Tricarico
Thomas Kaufman
570 Lexington Avenue
New York, New York 10022
Tel.: 646-625-3952
Fax: 212-832-4920
Michael.Tricarico@kennedyslaw.com

*Attorneys for Evanston Insurance Company*

Dated: New York, New York
      January 13, 2021

SO ORDERED

_____
JAMES L. COTT
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

THE WENTWORTH GROUP, INC., FS
PROJECT MANAGEMENT LLC and
FIRSTSERVICE RESIDENTIAL NY, INC.,

        Plaintiffs,

- against -

EVANSTON INSURANCE COMPANY,

        Defendant.

------------------------------------------------------------ X

20-cv-06711 (GBD/JLC)
ECF Case

NON-DISCLOSURE AGREEMENT

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Restricted Confidential – Outside Counsel Only. I agree that I will not disclose such Designated Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____                    _____

11

AFDOCS/23551898.1