UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
THE WENTWORTH GROUP INC., FS PROJECT  :
MANAGEMENT, LLC and FIRSTSERVICE      :
RESIDENTIAL NEW YORK, INC,            :        MEMORANDUM DECISION
                                      :           AND ORDER
                       Plaintiffs,    :
                                      :        20 Civ. 6711 (GBD) (JLC)
         -against-                    :
                                      :
EVANSTON INSURANCE COMPANY,           :
                                      :
                       Defendant.     :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Wentworth Group Inc., FS Project Management, LLC ("FS Project Management"), and First Service Residential New York, Inc. ("FS Residential") bring this insurance coverage action against Defendant Evanston Insurance Company for a declaratory judgment that insuror Defendant has a duty to defend and indemnify Plaintiffs in connection with a lawsuit filed against Plaintiffs in New York State Court ("Underlying Action") for breach of contract and indemnification. (Compl., ECF No. 5, at 15.) On July 8, 2021, Magistrate Judge Cott issued a Report and Recommendation ("Report") recommending that Plaintiffs be granted summary judgment declaring Defendant's duty to defend Plaintiffs in the Underlying Action, and that Plaintiffs' summary judgment motion be denied as premature with respect to Defendant's duty to indemnify Plaintiff. (Report, ECF No. 44, at 1.) The Report also recommended that Defendant's cross-motion for summary judgment for a declaration that Defendant had no duty to continue to defend Plaintiffs be denied. (*Id.* at 19, 20-21.) On September 30, 2021, this Court issued a Memorandum Decision and Order adopting Magistrate Judget Cott's Report. (ECF No. 61.) In adopting the Report, this Court found that the claims alleged against both FS Residential and FS Project

1

Management in the Underlying Action were entitled to coverage under the terms of Policy. (Memorandum Decision at 8-9.)

Before this Court is Defendant's motion for reconsideration of the Memorandum Decision, or, in the alternative, for certification of the Memorandum Decision for an interlocutory appeal under 28 U.S.C. § 1292(b). (Memorandum of Law in Support of Defendant's Motion for Reconsideration ("Def's Brief"), ECF No. 64.) Defendant's motion is DENIED in its entirety.

## I. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

Defendant argues that it is entitled to reconsideration of the Memorandum Decision because the Court overlooked the allegations against FS Residential in the Underlying Action when concluding that Exclusion O of the Policy did not bar coverage as to FS Residential. (Def's Brief at 8.) Defendant also argues that the Court overlooked the Policy's definition of "Wrongful Acts" when concluding that the conduct alleged against the Plaintiffs in the Underlying Action is covered by the Policy. (*Id.*)

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); *see also* Local Civ. R. 6.3 (providing that movant must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations

omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted).

Defendant has not identified any matter that this Court overlooked. Defendant contends that if the Court had considered the allegations asserted against Plaintiffs in the Underlying Action, the Court would have concluded those allegations "make out a claim 'based upon or arising out of any actual or alleged conversion, misappropriation, commingling of or defalcation, theft, disappearance, insufficiency in the amount of escrow funds, monies, monetary proceeds funds, or property.'" (Def's Brief at 8.) Defendant argues that the Court would have thereby rendered a different decision in its favor.

Defendant's argument is without merit. The Memorandum Decision, adopting Magistrate Judge Cott's Report, specifically found that that the allegations asserted against Plaintiffs did not bar coverage under the Policy. (Memorandum Decision at 9.) In reaching this conclusion, the Memorandum Decision identifies the specific allegations asserted against Plaintiffs. (Memorandum Decision at 4, 8.) The Memorandum Decision also adopted the Report's findings with regards to the allegations in the Underlying Action, including the conclusion that the allegations supported a claim of breach of contract based on negligence in the Underlying Action. (Report at 20-21.)

Defendant also contends that if the Court had looked at the definition of 'Wronful Act' under the Policy, it would have concluded that the claims against Plaintiffs solely allege intentional conduct, not negligence. (*Id.* at 9.) Defendant has failed to show that this Court overlooked the factual allegations or contract language.

3

In the Memorandum Decision, this Court specifically found that Defendant was not entitled to discontinue defense of the Plaintiffs under the Policy "because some of the remaining allegations against Plaintiffs fall within the Policy's definition of Wrong[f]ul Act." (Memorandum Decision at 8.) Defendant has failed to show that this Court overlooked the Policy's definition of 'Wrongful Act' when it concluded that Plaintiffs were entitled to coverage under the terms of the Policy.

Accordingly, Defendant is not entitled to reconsideration of the Memorandum Decision.

## II. CERTIFICATION FOR INTERLOCUTORLY APPEAL IS DENIED

In the alternative, Defendant requests that this Court certify an interlocutory appeal to the Second Circuit under 28 U.S.C. § 1292(b) on the grounds that there is conflicting authority on the issue of "whether the specific claims asserted against the FS Parties in the Underlying Action potentially trigger coverage as a 'negligent act, error or omission' where the conduct complained of is purely intentional in nature." (Def's Reply, ECF No. 70, at 6.)

Under 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an order that (1) involves a "controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory appeals " 'are strongly disfavored in federal practice.' " *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, 2021 WL 603045, at *5 (S.D.N.Y. Feb. 16, 2021) (quoting *Ret. Bd. of the Policemen's Annuity v. Bank of New York Mellon*, 2016 WL 2744831, at *1 (S.D.N.Y. May 9, 2016)). A party "seeking certification is required to show 'exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *Goldfarb v. Channel One Russia*, 2021 WL 1392850, at *10 (S.D.N.Y. Apr. 13, 2021) (quoting *In re S. Afr. Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009)).

Defendant has not identified any conflicting authority in this Circuit regarding an issue of controlling law. Defendant argues that *Hunt Constr. Grp., Inc. v. Berkley Assurance Co.* is in tension with the Memorandum Decision, because the *Hunt* court held that intentional breaches of contract were not subject to insurance coverage under a policy with "identical" language to this Policy. (Def's Reply at 10.) However, in *Hunt*, the court concluded that plaintiff's claims were based on intentional conduct after reviewing factual materials in the record, including that the claims at issue "derived from [plaintiff's] decision to ignore its alleged contractual obligations." 503 F. Supp. 3d 106, 115 (S.D.N.Y. 2020), *on reconsideration in part,* No. 19-CV-8775 (JPO), 2021 WL 4392520 (S.D.N.Y. Sept. 24, 2021). On that factual basis, the *Hunt* court found that plaintiffs were not entitled to coverage under the relevant policy. *Id.* at 116. Here, conversely, after a review of the materials in the record, both Magistrate Judge Cott and this Court concluded that the allegations against Plaintiffs did not sound exclusively in intentional misconduct, and therefore Defendant continued to owe Plaintiffs a duty to defend under the terms of the Policy. (Memorandum Decision at 8-9; Report at 20-21.) The only alleged tension between *Hunt* and this case arises from factual differences, not differences of opinion in controlling law. Therefore certification for interlocutory appeal is not warranted.

Accordingly, Defendant's motion for interlocutory appeal is denied.

### III. CONCLUSION

Defendant's motion for reconsideration or certification for interlocutory appeal, (ECF No. 63), is DENIED. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
      March 29, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge