UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
THE WENTWORTH GROUP INC., FS PROJECT :
MANAGEMENT, LLC and FIRSTSERVICE :
RESIDENTIAL NEW YORK, INC, : MEMORANDUM DECISION
: AND ORDER
                  Plaintiffs, :
: 20 Civ. 6711 (GBD) (JLC)
    -against- :
:
EVANSTON INSURANCE COMPANY, :
:
                  Defendant. :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs The Wentworth Group Inc., FS Project Management, LLC, and FirstService Residential New York, Inc. (collectively, "Plaintiffs") bring this action agains defendant Evanston Insurance Company seeking a declaration that Defendant had a duty to defend and indemnify Plaintiffs in an action pending in New York State court ("Underlying Action"), and that their claims in the Underlying Action are covered under an insurance policy issued by Defendant (the "Policy").

    Before this Court is Magistrate Judge James L. Cott's February 4, 2022 Report and Recommendation (the "Report"), recommending that Plaintiff's motion for attorneys' fees and costs be denied. (Report, ECF No. 87, at 1-2.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitue a waiver of those objections on appeal. (*Id.* at 25.) After a request for an extension was granted, Plaintiffs filed timely objections. (Plaintiffs' Objections to Report ("Objections."), ECF No. 91.) Defendant have not filed objections to the Report.

1

Having reviewed Magistrate Judge Cott's Report, as well as Plaintiffs' objections and Defendant's response, this Court ADOPTS the Report and overrules Plaintiffs' objections. Accordingly, Plaintiffs' motion for attorneys' fees and costs is DENIED.

## I. LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES IS DENIED

Magistrate Judge Cott found that because Plaintiffs have not identified a legal step taken by Defendant that placed Plaintiffs in a defensive posture, (Report at 11), or shown that Defendant's disclaimer of coverage is indicative of bad faith, (*id.* at 14), Plaintiffs are not entitled to an award of

2

attorneys' fees in connection with their affirmative action against Defendant for a declaratory judgment regarding Defendant's duty to continue providing Plaintiffs' coverage under the insurance policy (the "Policy"). Plaintiffs object to Magistrate Judge Cott's finding that Defendant's conduct did not place Plaintiffs in a defensive posture, (Objections at 9), and that Defendant's conduct in connection with its disclaimer of coverage was not indicative of a gross regard for Defendant' obligations under the Policy, (*id.* at 14).

### A. Plaintiffs Have Not Shown Defendant Took a Legal Step Placing Them in a Defensive Posture

In the insurance context, New York law recognizes "a narrow exception to the American rule that a prevailing party cannot recover attorneys' fees." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004). It allows an insured "who has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and "who prevails on the merits," to recover attorneys' fees. (*Id.*) Filing an action is sufficient to constitute a legal step in this context. *Hervochon v. Iona College*, No. 14-CV-6017 (CS) (PED), 2019 WL 2451431, at *5 (S.D.N.Y. Feb. 15, 2019). Other than an affirmative action, in order to trigger an insured's right to attorneys' fees and costs, an insurer must take an action that is "tantamount to an action brought by the insurer seeking to free itself from its policy obligations." *Stein v. N. Assur. Co. of Am.*, No. 09-CV-1029 (TCP) (AKT), 2012 WL 1605365, at *12 (E.D.N.Y. May 7, 2012); *see also Lauder v. OneBeacon Ins. Group LLC*, 918 N.Y.S. 2d 825, 832 (N.Y. Sup. Ct. 2011); *Hervochon*, 2019 WL 2451431 at *6–7.

Plaintiffs have not identified a legal step that Defendant took which placed Plaintiffs in a defensive posture. In 2015, Defendant began defending Plaintiffs in the Underlying Action, continuing to do so until June 2020. Kroll Decl. ¶¶ 4, 14, 22. On June 10, 2020 and June 24, 2020, Defendant informed Plaintiffs that it was disclaiming coverage. *Id.* at ¶ 4, 15. After

3

disclaiming coverage, Defendant offered to continue to pay coverage for an additional 45 days while the parties continued settlement discussions. Tricarico Decl. ¶¶ 14–15. Defendant's conduct, taken in its entirety, is not tantamount to an action brought by the insurer to free itself from its policy obligations. *Stein*, at 2012 WL 1605365, at \*12 (insurer's improper abandonment of insured's defense in underlying action without seeking judicial determination was insufficient legal step to place insured in defensive posture).

In its objections, Plaintiffs argues that Magistrate Judge Cott applied inapposite law in determining whether Defendant took a legal step that placed Plaintiffs in a defensive posture. (Objections at 9.) However, the factual and procedural diffferences identified by Plaintiffs do not render the holding from each case inapplicable. *Hervochan,* 2019 WL 2451431 at \*6–7 (finding the letter of disclaimer was not a legal step that placed insured in defensive posture), *Estee Lauder, Inc. v. One Beacon Ins. Group LLC*, 918 N.Y.S. 2d at 832 (insurer's legal steps in lawsuit initiated by insured was not tantamount to an affirmative action because they did not place Plaintiffs in the position of a defendant who was forced to debate facts different from those necessary to make out its own prima facie case for coverage ), and *Ruiz v. Liberty Mutual Fire Insurance Co.*, No. 19 CV 4399 (VB), 2019 WL 7293377, at \*3 (S.D.N.Y. Dec. 30, 2019) (insurer's disclaimer of coverage insufficient to put Plaintiffs in defensive posture).

Plaintiffs also argue that Defendant's conduct in the litigation shows that Defendant took legal steps which place Plaintiffs in a defensive posture. (Objections at 11.) Plaintiffs point to Defendant's filing an Answer denying its duty to defend or indemnify Plaintiffs, asserting counterclaims for relief from its contractual obligations, moving for summary judgment on its claims, and seeking an award of fees. However, Plaintiffs have not presented any authority in support of their argument that this type of post litigation conduct by an insurer is material to the issue

4

of whether the insurer took a legal step placing the insured in a defensive posture before the insured filed an action. See also *Lauder*, 391, 918 N.Y.S.2d 825, 834 (Sup. Ct. 2011).

Plaintiffs also argue that Defendant's offer to settle its claims with Plaintiffs in exchange for a full release of its contractual obligations under the Policy put Plaintiffs in a defensive posture, and required Plaintiffs to sue Defendant to force it to honor the Policy. (Objections at 11, 13.) In support, Plaintiffs cites *Houston Casualty Co. v. Prosight Specialty Ins. Co.*. 462 F. Supp. 3d 443 (S.D.N.Y. 2020). However, as Magistrate Judge Cott noted, that case in wholly distinguishable because the Defendant there resisted their duty to defend "from the jump" despite the fact that the relevant insurance policies "made [that] duty plain." *Id.* at at 452. Here, conversely, Defendant provided coverage for five years before disclaiming coverage. Moreover, disclaimer of coverage was not based on an unreasonable interpretation of the policy. *United States Fire Ins. Co. v. Nine Thirty FEF Invs.*, LLC, 132 A.D.3d 413, 415–16 (1st Dep't 2015).

Accordingly, Magistrate Judge Cott's determination, that Plaintiffs are not entitled to attorneys' fees. on the basis that Defendant took a legal step placing it in a defensive posture, was not clearly erroneous or contrary to law.

### B. Plaintiffs Have Not Shown That Defendant's Conduct in Disclaiming Coverage Demonstrated Bad Faith

Under New York law, an insured may recover attorneys' fees in connection with filing an action where insurer can make "a showing of such bad faith [on the part of the insurer] in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Nat'l R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015). "[B]ad faith exists only where 'the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives.'" *Liberty Surplus Ins. Corp. v. Segal Co.*, No. 03-CV-2194 (BSJ), 2004 WL 2102090, at *4 (S.D.N.Y. Sept. 21, 2004). There is a "strong presumption in New York against a

5

finding of bad faith liability by an insurer." *Northway Medical Center Condo v. Hartford Fin. Servs. Grp.*, No. 20-CV-9864 (NSR), 2022 WL 94884, at *4 (S.D.N.Y. Jan. 10, 2022). This presumption "can be rebutted only by evidence establishing that the insurer's refusal to defend was based on 'more than an arguable difference of opinion' and exhibited 'a gross disregard for its policy obligations.'" *Id.*

Defendant's disclaimer of coverage was not indicative of bad faith or a gross disregard of its obligations under the policy. Defendant provided coverage to Plaintiffs in connection with the underlying action for five years prior to disclaiming coverage. (Report at 3.) After five years of providing coverage, and settlement of certain claims in the underlying action, Defendant disclaimed coverage, stating that the remaining breach of contract claims alleged intentional conduct, and therefore fell outside the purview of the Evanston Policy. (Report at 3-4.) Moreover, while this Court rejected Defendant's argument in support of disclaimer, the argument was not found to be an unreasonable interpretation of policy provisions. (Memorandum Decision and Order dated September 30, 2021, ECF No. 61, at 8-10.) Consequently, Plaintiffs have not shown that Defendant's disclaimer of coverage demonstrated bad faith or a gross disregard of Defendant obligations under the Policy. *United States Fire Ins. Co. v. Nine Thirty FEF Invs., LLC*, 132 A.D.3d 413, 415–16 (1st Dep't 2015); *99 Wall Dev't, Inc. v. Allied World Specialty Ins. Co.*, No. *18-CV-126 (RA)*, 2021 WL 4460638, at *11–12 (S.D.N.Y. Sept. 29, 2021).

In their objections, Plaintiffs argue that Magistrate Judge Cott drew the erroneous conclusion that Defendant's offer to settle its obligations after sending the 60 day letter disclaiming coverage demonstrated that Defendant took its duty to defend seriously. (Objections at 14-15.) Magistrate Judge Cott's analysis of the facts is not clearly erroneous, and Plaintiffs does not

6

provide any support for the argument that extending coverage during settlement negotiations is indicative of a "gross regard" for its obligations under policy. (Objections at 14.)

Accordingly, Magistrate Judge Cott's determination that Plaintiffs is not entitled to attorneys' fees on the basis that Defendant's disclaimer of coverage under the Policy demonstrated bad faith was not clearly erroneous or contrary to law.

## III.  CONCLUSION

Upon de novo review, Magistrate Judge Cott's Report is ADOPTED. Plaintiffs' motion for attorneys' fees, (ECF No. 52), is DENIED. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
March 29, 2022

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

7